**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10127 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00090-JAM-2 |
| v. | |
| ANTONIO NICHOLAS SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 19, 2018
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Appellant Antonio Smith appeals his conviction for felon in possession of a

firearm.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

There was no misconduct during Officer Morales's testimony. Morales would not acknowledge that a particular police report was his, but the confusion arose because Morales was presented with three different versions of the report. The prejudicial statements to which Smith objects—referencing a gang enhancement and explaining Morales's reason for concern after running the vehicle plates—were made in passing, responsive to open-ended questions, and not emphasized by the government in any way. Thus, there was no "deliberate deception of the court by the presentation of false evidence," *United States v. Endicott*, 869 F.2d 452, 455 (9th Cir. 1989), or intentional elicitation of forbidden material.

The government concedes that it made a misstatement during closing arguments by referencing an altercation not in the record. However, this was an isolated sentence that was part of a larger hypothetical focused on Smith's flight from the scene; defense counsel promptly objected and the court sustained the objection, instructing the jury to disregard it. Any error was harmless.

The district court did not abuse its discretion by denying Smith's request for discovery of an internal investigation of Morales in a different case. We have reviewed the sealed materials provided by the government, *United States v. Streit*, 962

2

F.2d 894, 900 (9th Cir. 1982), and find no *Brady*[1] or *Giglio*[2] material in the report.[3] The entire incident was dissimilar from Smith's case, as it involved a foot chase, an active carjacking with a victim inside, and the use of lethal force. Similarly, Smith's Confrontation Clause rights were not violated by the district court's decision not to allow Smith to question Morales about a case having little relevance to Smith's case and which would have created a risk of undue delay and a trial within a trial. Smith also had ample opportunity to cross-examine Morales about his recollection of the events surrounding Smith's arrest. *United States v. Cazares*, 788 F.3d 956, 983-84 (9th Cir. 2015).

Nor was there an abuse of its discretion in excluding Smith's proposed expert on flight. *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010). We interpret the court's order as (1) the discretionary denial of the motion to allow the testimony as untimely and (2) a separate ruling excluding the expert. The expert's proffered testimony was general and speculative; she had no experience with or opinion on Smith specifically. Moreover, even if there were error, it was harmless, as defense

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

[3] The Motion to Submit a Sealed Document Under Seal and Ex Parte [Dkt. #41] is granted.

counsel was permitted to argue extensively to the jury that there were other reasons for Smith to flee besides guilt, and the jury was also properly instructed on the issue.

The district court did not abuse its discretion by permitting testimony about the nature and characteristics of the weapon found in the bag. Although the government attempted to question the expert about this irrelevant information, each time it tried, the defense objected and the court sustained the objection. *Cf. Greer v. Miller*, 483 U.S. 756, 766-67 (1987) (danger of prejudice from prosecutor's improper question ameliorated by immediate objection and curative instructions).

Even considered cumulatively, any errors were not sufficiently prejudicial so as to require reversal. *See United States v. Berry*, 627 F.2d 193, 200–01 (9th Cir. 1980).

**AFFIRMED.**